CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

SEP 1 3 2005

JOHN F. CORCORAN, CLERK
BY: _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | |
|---|---|
| **CARLOS ORTIZ,** | ) |
| **Petitioner,** | ) Civil Action No. 7:05CV00512 |
| | ) |
| **v.** | ) **OPINION** |
| | ) |
| **BLEDSOE,** | ) **By: Jackson L. Kiser** |
| **Respondent.** | ) **Senior United States District Judge** |

The petitioner, Carlos Ortiz, a federal inmate proceeding pro se, filed this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. By order entered August 17, 2005, United States Magistrate Judge Michael F. Urbanski advised Ortiz that his petition should be construed as a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255, since Ortiz claims that his sentence is invalid. Ortiz was advised that the court would so construe the petition absent his objection within ten business days from the entry of the order. Ortiz has filed a response to the Magistrate Judge's order, in which he argues that his claims should be considered under § 2241. For the following reasons, Ortiz's petition must be dismissed.

Ortiz is currently incarcerated at the United States Penitentiary in Lee County, Virginia. In 1993, Ortiz was convicted in the United States District Court for the District of Maryland for conspiring to distribute and possessing with the intent to distribute heroine. Ortiz was sentenced to a term of life imprisonment. In his petition, Ortiz asserts that the trial court improperly sentenced him as a second-time offender, even though he had no prior criminal history. Ortiz also asserts that the trial court erred by enhancing his sentence on the basis of facts that were not found by the jury, and that his sentence must be vacated in light of the United States Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005).

As the Magistrate Judge explained in his previous order, an inmate may not challenge the validity of his conviction or sentence in a § 2241 petition, unless a § 2255 motion is "inadequate or ineffective to test the legality of [the inmate's] detention." Swain v. Pressley, 430 U.S. 372,

1

381 (1977). The United States Court of Appeals for the Fourth Circuit has held that a § 2255

motion is inadequate and ineffective to test the legality of an inmate's detention only when the

following three elements are shown:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

In response to the Magistrate Judge's order, Ortiz argues that a § 2255 motion is inadequate

because he has already filed a § 2255 motion, which was denied.[1] However, a procedural

impediment to § 2255 relief, such as the rule against successive motions or the statute of limitations,

does not render § 2255 review inadequate. See In re Vial, 115 F.3d 1192, 1194 at n. 5 (4th Cir.

1997). Considering Ortiz's petition in light of the standard set forth in In re Jones, it is clear that he

cannot proceed under § 2241.[2] Accordingly, Ortiz's petition must be dismissed.

The Clerk is directed to send certified copies of this opinion and the accompanying order to

the petitioner and counsel of record for the respondent.

ENTER: This 13ᵗʰ day of September, 2005.

Senior United States District Judge

---

[1] In his petition, Ortiz stated that he had not filed any previous motions under § 2255.

[2] A review of current federal law shows that the conduct for which Ortiz is currently incarcerated continues to constitute criminal offenses. See 21 U.S.C. §§ 841(a), 846.

2